UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JENNIFER J. WELLS,                                    Case No. 1:10-cv-490

    Plaintiff,                                             Dlott, J.
                                                            Bowman, M.J.

    v.

JOYCE MEYERS, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Plaintiff paid the requisite filing fee and filed her complaint in this case on July 26, 2010, more than 120 days ago. (Doc. 1). The record reflects that Plaintiff filed a motion seeking the appointment of counsel, which motion was denied on October 14, 2010 (Doc. 3). No pretrial scheduling order has yet been entered. However, on December 6, 2010, Plaintiff filed a one-page "motion for summary judgment" (Doc. 6).

Although no Defendant has responded to the pending motion for summary judgment, that fact is not surprising given that the record does not reflect that any of the 140 named Defendants waived service of process or that Plaintiff served any of the Defendants with a summons or with a copy of the complaint.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good

cause for the failure, the court must extend the time for service for an appropriate period.

"Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351, 119 S. Ct. 1322 (1999). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over these Defendants. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

Upon a showing of good cause for the failure to effect timely service, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank of Delaware*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). In the absence of a showing of good cause, the court has discretion to dismiss *sua sponte*, provided that the plaintiff has notice of the proposed action. *See Osborne*, 217 F.R.D. at 408; *United States v. Gluklick*, 801 F.2d 834, 837 (6th Cir. 1986), *cert. denied*, 480 U.S. 919 (1987).

On March 30, 2011, this Court expressly notified Plaintiff "that the Court proposes to dismiss the complaint without prejudice, due to Plaintiff's failure to effect timely service of process of the summons and complaint upon any of the named Defendants." The Court ordered Plaintiff to "show cause in writing on or before **APRIL 21, 2011** why the complaint should not be dismissed without prejudice for failure of service of process."

Plaintiff has failed to comply with the Court's March 30, 2011.  She has failed to effect service on any of the one hundred forty (140) named Defendants.  Even after being expressly warned that the Court proposed to dismiss her complaint for failure of service, and directed to show cause why the complaint should not be dismissed, she failed to timely respond to the Court's order.

Accordingly, **IT IS RECOMMENDED HEREIN THAT:**

1.  Plaintiff's complaint be dismissed without prejudice for failure to timely effect service on any of the named Defendants, and for failure to respond to the Court's "show cause" order;

2.  Plaintiff's motion for summary judgment (Doc. 6) be **DENIED**; and that

3.  This case be dismissed from the active docket.

                      *s/ Stephanie K. Bowman*
                      Stephanie K. Bowman
                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JENNIFER J. WELLS,             Case No. 1:10-cv-490

    Plaintiff,                       Dlott, J.
                                     Bowman, M.J.

    v.

JOYCE MEYERS, et al.,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).